### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF INDIANA
### NEW ALBANY DIVISION

| | | |
|---|---|---|
| GLENN S. RHODES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00217-TWP-KMB |
| | ) | |
| CITY OF JEFFERSONVILLE, | ) | |
| | ) | |
| Defendant. | ) | |

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on a Motion to Remand filed pursuant to 28 U.S.C. § 1447 by *pro se* Plaintiff Glenn Rhodes ("Rhodes") (Dkt. 10), following removal based on federal question jurisdiction by Defendant the City of Jeffersonville (the "City"). Also before the Court is Defendant's Motion to Dismiss for failure to state a claim (Dkt. 7). For the following reasons, the Court **grants** the Motion to Remand and **denies as moot** the Motion to Dismiss.

## I.    BACKGROUND

This action arises from the City's condemnation of real estate owned by Rhodes' parents before their passing. Rhodes originally sued the City and other defendants in this Court in April 2024, alleging violations of the United States Constitution. *Rhodes v. Jefferson Building Comm'r*, No. 4:24-cv-00055-TWP-KMB (S.D. Ind.). In June 2025, the Court dismissed Rhodes' first case for lack of federal subject-matter jurisdiction. A few months later, Rhodes initiated this action against the City in state court, *Rhodes v. City of Jeffersonville*, Cause No. 10C06-2509-CT-000133 (Clark Cir. Ct.) (Dkt. 1-1). His Complaint asserts four claims: (I) violation of Indiana Code § 32-24-1-16; (II) violation of due process; (III) violation of the Fifth Amendment Takings Clause of the United States Constitution; and (IV) violation of the Indiana Access to Public Records Act

(Dkt. 1-1 at 11–13). The City timely removed this action and then moved to dismiss Rhodes' Complaint under Federal Rule of Civil Procedure 12(b)(6) (Dkt. 1; Dkt. 7). Rhodes then filed a notice of withdrawal of Count III and moved to remand this action back to state court (Dkt. 10). The Motion to Dismiss and Motion to Remand are now both ripe for the Court's review. Because the Court must determine whether it has jurisdiction over this action before considering the merits of Rhodes' claims, the Court will begin by addressing Rhodes' Motion to Remand.

## II.     **LEGAL STANDARD**

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction,[1] may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." *Id.* § 1446(b)(1).

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

28 U.S.C. § 1447(c).

"The party seeking removal has the burden of establishing federal jurisdiction, and federal courts should interpret the removal statute narrowly, resolving any doubt in favor of the plaintiff's choice of forum in state court." *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

---

[1] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

### III.    <u>DISCUSSION</u>

Rhodes' Complaint alleges that the City violated his state *and* federal constitutional rights by improperly condemning his parents' property, so the City properly removed this action on the basis of federal question jurisdiction. However, in his Motion to Remand (Dkt. 10; Dkt. 14), Notice of Withdrawal (Dkt. 11), and Protective Jurisdictional Objection (Dkt. 13), Rhodes confirms that he is withdrawing all federal claims and intends to pursue only his claims under state law and the Indiana Constitution. Specifically, in his Notice of Withdrawal, Rhodes states that he withdraws "Count Three: Violation of the Fifth Amendment, Takings Clause" and will proceed with "[a]ll other claims in this action, including claims *under Indiana law* for inverse condemnation, due process violations, and access to public records." (Dkt. 11 at 1 (emphasis added)).

The City responds that the withdrawal of Count III does not deprive this Court of jurisdiction because Count II alleges due process violations under the Indiana and United States Constitutions (Dkt. 12 at 2–3). Count II is titled: "Violation of Due Process (Indiana Const. Art. I § 21; U.S. Cons. Amend. XIV)" and alleges that the City violated Rhodes' "due process protections under state and federal law." (Dkt. 1-1 at 12). However, based on the specific allegations in Count II and Rhodes' assertions in his subsequent filings, it is clear that Rhodes did not, and does not, intend to assert a federal due process claim against the City.

Count II alleges that "Defendants are in direct contraction [*sic*] of Indiana Code Title 29, Article 1 (Probate Code) . . . (specifically IC 29-1-7); Indiana Code § 32-24-1 Eminent Domain (IC 32-24-1-3 requires municipalities to follow specific procedures)." *Id.* Rhodes' reply brief and Protective Jurisdictional Objection further assure the Court that Rhodes does not intend to assert any federal constitutional claim against the City. In his reply and Objection, Rhodes states, "Plaintiff withdrew the sole Fifth Amendment claim cited as the basis for removal. What remains are Indiana inverse condemnation and *procedural due-process claims governed entirely by Indiana*

*statutes and the Indiana Constitution*." (Dkt. 13 at 1 (emphasis added); Dkt. 14 at 1). In his reply brief, Rhodes continues:

> After Plaintiff withdrew the Fifth Amendment takings claim, the Complaint no longer asserts a federal cause of action. Defendant's reliance on generalized references to "due process" is legally insufficient. *Indiana law independently guarantees due process* in eminent domain proceedings, including notice, appraisal, and an opportunity to object. *These protections arise from Indiana statutory and constitutional law, not the Fourteenth Amendment*.

(Dkt. 14 at 2 (emphases added)). Rhodes argues that his "reference to due process" should not convert his state law action into a federal action. *Id.* In this instance, the Court agrees.

It is undisputed that Rhodes seeks to withdraw Count III. Further, based on Rhodes' Complaint and subsequent filings, the Court finds that Rhodes did not intentionally raise a claim under the United States Constitution in Count II, and to the extent he unintentionally did so, he is withdrawing that federal claim. The Court therefore **grants** Rhodes' request to withdraw Count III and all federal claims under Count II and **dismisses** those claims without prejudice. Absent those federal claims, the Court lacks subject-matter jurisdiction over this action.

Rhodes is free to rely exclusively on state law. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913) ("[T]he party who brings a suit is master to decide what law he will rely upon."); *Lister v. Stark*, 890 F.2d 941, 943 (7th Cir. 1989). And the fact that his Complaint *could* support a federal claim does not create federal jurisdiction. "It does not suffice that the facts alleged in support of an asserted state-law claim would *also* support a federal claim . . . . Nor does it even suffice that the facts alleged in support of an asserted state-law claim *do not support* a state-law claim and would *only* support a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003) (Scalia, J., dissenting) (emphases in original). "Jurisdiction may not be sustained on a theory that the plaintiff has not advanced." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 809 n.6 (1986).

Rhodes has voluntarily withdrawn all of his federal claims against the City, so the Court no longer has subject-matter jurisdiction over this action. Whether Rhodes' Complaint fails to adequately plead state law claims is for an Indiana state court to decide. If Rhodes later decides to amend his Complaint to once again add a federal claim, then the City may have another opportunity to remove this action. 28 U.S.C. § 1446(b)(3). As it currently stands, this case must be remanded, and the City's Motion to Dismiss must be **denied as moot**.

## IV.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Rhodes' request to withdraw Count III and all federal claims under Count II, **DISMISSES** those claims **without prejudice**, and **GRANTS** Rhodes' Motion to Remand (Dkt. 10). **The Clerk is directed to remand** this matter to the Clark Circuit Court 6, Cause No. 10C06-2509-CT-000133, and to **close** this federal action. The City's Motion to Dismiss (Dkt. 7) is **DENIED as moot**.

**SO ORDERED**.

Date:    1/12/2026

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

GLENN S. RHODES
4320 Charlestown Pike Rd.
Jeffersonville, IN 47130

Patrick Muldoon
BARNES MALONEY PLLC
pmuldoon@sbmkylaw.com

Justin M. Schaefer
BARNES MALONEY PLLC
jschaefer@sbmkylaw.com